# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

ROOSEVELT J. LOUICE )
BURGESS, III, )
       )
    Movant, )
       )
v. )  Case No.   CV411-076
       )              CR493-205
UNITED STATES OF AMERICA,[1] )
       )
    Respondent. )

## REPORT AND RECOMMENDATION

Roosevelt J. Louice Burgess, III, has filed what he styles as a 28

U.S.C. § 2241 habeas petition (docs. 1 & 2) attacking a federal sentence

and conviction for which he is still incarcerated. *United States v. Burgess*,

No. CR493-205 (S.D. Ga. Oct. 17, 1994). A prisoner who seeks to

collaterally attack a federal sentence or conviction *must* proceed by

---

[1] While Burgess styles this as a 28 U.S.C. § 2241 habeas petition and names the prison's warden as respondent, this is in fact a 28 U.S.C. § 2255 motion attacking his sentence. Consequently, it is an action against the United States of America, not a habeas petition directed against the warden who has custody over him. *See* Rule 2 of the Rules Governing § 2255 Proceedings for the United States District Courts advisory committee notes. The Court has amended the caption to reflect the proper respondent, and the Clerk is **DIRECTED** to correct the docket. All future filings shall conform.

motion pursuant to 28 U.S.C. § 2255 unless he can establish the inadequacy or ineffectiveness of the § 2255 remedy. 28 U.S.C. § 2255(e). That is, the motion must be brought pursuant to § 2255 unless the petitioner satisfies the § 2255(e) savings clause. The Eleventh Circuit has held that the § 2255(e) savings clause applies when:

> (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion.

*Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003) (citing *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)). Nowhere in his petition (doc. 1) or rambling diatribe (doc. 2) has Burgess offered any reason to believe that § 2255 would be inadequate or ineffective under the Eleventh Circuit standard.

Since the savings clause does not apply, Burgess may not proceed pursuant to § 2241. Thus, his collateral attack on his federal conviction must be treated as a § 2255 motion. If this was his first, the Court would warn him that his petition would be re-characterized as a motion pursuant to § 2255 unless he wanted to amend or dismiss it. *See Castro v. United States*, 540 U.S. 375, 383 (2003) (district courts must warn

2

first-time § 2255 litigants that they will lose their ability to file any successive § 2255 motions without first seeking leave to do so from the circuit court). But Burgess has already filed several § 2255 motions, *Burgess v. United States*, No. CV405-211 (S.D. Ga. Feb. 1, 2006); *Burgess v. United States*, No. CV498-153 (S.D. Ga. Aug. 11, 1998); *Burgess v. United States*, No. CV497-051 (S.D. Ga. May 8, 1997); *Burgess v. United States*, No. CV495-028 (S.D. Ga. Mar. 20, 1995), so the *Castro* warnings are unnecessary. And, since this is at least his *fifth* § 2255 motion, Burgess must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement). In fact, district courts *must* dismiss second or successive petitions, without awaiting any response from the government, absent prior approval by the court of appeals. *Levert v. United States*, 280 F. App'x 936, 936 (11th Cir. 2008) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (same); *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

Because Burgess has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Consequently, it should be **DISMISSED** as successive. Additionally, his motion for hearing (doc. 3) is **DENIED**. Burgess is warned that the Court's patience is wearing thin. Should he continue to file successive § 2255 petitions, he may face sanctions including contempt, which may add additional time onto his already lengthy term of imprisonment. *See* 18 U.S.C. § 401 & 402.

**SO REPORTED AND RECOMMENDED** this  31st  day  of March, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT of GEORGIA**