UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ROOSEVELT J. LOUICE BURGESS, III,

Petitioner,

v.   4:11-cv-76

UNITED STATES OF AMERICA,

Respondent.

# ORDER

## I. INTRODUCTION

Petitioner Roosevelt J. Louice Burgess, III ("Petitioner"), has filed a notice of appeal from this Court's ruling dismissing his habeas petition as successive. *See* Doc. 4 (Report and Recommendation ("R&R") recommending dismissal); Doc. 8 (order adopting R&R and dismissing case).

The Court construes Petitioner's notice of appeal as a request for a Certificate of Appealability ("COA"), and a motion to proceed *in forma pauperis* ("IFP") on appeal. *See Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997).

## II. ANALYSIS

### A. Certificate of Appealability

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see* 28 U.S.C. § 2253(c). The Court will issue a COA "where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336. Petitioner "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (internal quotations omitted).

"The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."

Here, Petitioner has made no showing whatsoever that he was denied a constitutional right or that reasonable jurists would debate the resolution of his case. *See* Doc. 10. The Court, therefore, will not issue the requested COA.

### B. *In Forma Pauperis*

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Good faith means that an issue exists on appeal that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A claim is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Because the habeas petition filed by Petitioner was an impermissible successive filing, his claims are frivolous and his appeal is not taken in good faith.

## III. CONCLUSION

Petitioner's COA and IFP motions are *DENIED*.

This 5th day of May 2011.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA